WILLIAM G. MONTGOMERY
MARICOPA COUNTY ATTORNEY
By:     Brandon A. Newton (021565)
        newtonb@mcao.maricopa.gov
        Emily M. Craiger (021728)
        craigere@mcao.maricopa.gov
CIVIL SERVICES DIVISION
222 N. Central Avenue, Suite 1100
Phoenix, Arizona  85004
Telephone (602) 506-8541
Firm No. 0032000
ca-civilmailbox@mcao.maricopa.gov
*Attorneys for Defendants*
*Maricopa County and Paul Penzone*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jonathan L. Knapp, | NO.  CV-17-01509-PHX-DGC |
| Plaintiff, | **ANSWER** |
| v. | |
| Maricopa County, Arizona, Paul Penzone in his official capacity as Maricopa County Sheriff, et al., | |
| Defendants. | |

Defendant Maricopa County, a political subdivision of the state of Arizona, and Paul Penzone, in his official capacity as Maricopa County Sheriff, (collectively "Defendants") for their Answer to Plaintiff's Complaint, admits, denies and alleges:

/ / /

## INTRODUCTION

1. In response to Paragraph 1 of the Complaint, Defendants deny the allegations contained therein, and also deny that Plaintiff is entitled to any relief whatsoever, including, but not, limited to, punitive damages.

## JURISDICTION AND VENUE

2. In response to Paragraph 2 of the Complaint, Defendants admit jurisdiction is proper.

3. In response to Paragraph 3 of the Complaint, Defendants admit venue is proper.

## THE PARTIES

4. In response to Paragraph 4 of the Complaint, Defendants admit the allegations contained therein.

5. In response to Paragraph 5 of the Complaint, Defendants admit that Maricopa County is a political subdivision of the State of Arizona and that it receives federal financial assistance. Defendants further admit that it does not engage in discrimination or retaliation against employees that engage in a protected activity. Defendants deny the remaining allegations of Paragraph 5.

6. In response to Paragraph 6 of the Complaint, Defendants admit that Paul Penzone is the Sheriff of Maricopa County. Defendants deny the remaining allegations of Paragraph 6.

7. In response to Paragraph 7 of the Complaint, Defendants admit Joe Arpaio is a former Sheriff of Maricopa County. Defendants deny the remaining allegations of Paragraph 7.

8. In response to Paragraph 8 of the Complaint, Defendants admit that Jerry Sheridan is a former Chief Deputy of the Maricopa County Sheriff's Office. Defendants deny the remaining allegations of Paragraph 8.

9. In response to Paragraph 9 of the Complaint, Defendants admit that Ben Henry is the current Chief Deputy of the Maricopa County Sheriff's Office. Defendants deny the remaining allegations of Paragraph 9.

10. In response to Paragraph 10 of the Complaint, Defendants admit that David Trombi was a former Deputy Chief of the Maricopa County Sheriff's Office. Defendants deny the remaining allegations of Paragraph 10.

11. In response to Paragraph 11 of the Complaint, Defendants admit that Paul Chagolla was a former Deputy Chief of the Maricopa County Sheriff's Office and is currently employed in the rank of Captain. Defendants deny the remaining allegations of Paragraph 11.

12. In response to Paragraph 12 of the Complaint, Defendants admit that Ken Holmes was a former Deputy Chief of the Maricopa County Sheriff's Office. Defendants deny the remaining allegations of Paragraph 12.

13. In response to Paragraph 13 of the Complaint, Defendants admit that Timothy Campbell is a Captain with the Maricopa County Sheriff's Office. Defendants deny the remaining allegations of Paragraph 13.

14. In response to Paragraph 14 of the Complaint, Defendants admit that Steve Bailey was a former Captain of the Maricopa County Sheriff's Office. Defendants deny the remaining allegations of Paragraph 14.

15. In response to Paragraph 15 of the Complaint, Defendants admit that Stephanie Molina is a current Deputy Chief of the Maricopa County Sheriff's Office. Defendants deny the remaining allegations of Paragraph 15.

**FACTUAL ALLEGATIONS**

16. In response to Paragraph 16 of the Complaint, Defendants admit the allegations.

17. In response to Paragraph 17 of the Complaint, Defendants admit the allegations.

18. In response to Paragraph 18 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, therefore deny.

19. In response to Paragraph 19 of the Complaint, Defendants admit Plaintiff wished to teach a class about ID authentication; however, Plaintiff did not have certification as a fraudulent document/identification instructor. Defendants deny the remaining allegations of Paragraph 19.

20. In response to Paragraph 20 of the Complaint, Defendants admit that Plaintiff procured IDs from the MCSO Property and Evidence Division.

21. In response to Paragraph 21 of the Complaint, Defendants admit that Plaintiff had in his possession 1459 IDs. Defendants deny the remaining allegations of Paragraph 21.

22. In response to Paragraph 22 of the Complaint, Defendants admit that some of the IDs in Plaintiff's possession were scheduled for destruction. Defendants deny the remaining allegations of Paragraph 22.

23. In response to Paragraph 23 of the Complaint, Defendants admit that Plaintiff never taught a class regarding ID authentication. Defendants deny the remaining allegations of Paragraph 23.

24. In response to Paragraph 24 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, therefore deny.

25. In response to Paragraph 25 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, therefore deny.

26. In response to Paragraph 26 of the Complaint, Defendants admit Plaintiff turned over to the Maricopa County Sheriff's Office IDs in his possession on or about July 7, 2015. Defendants deny the remaining allegations of Paragraph 26.

27. In response to Paragraph 27 of the Complaint, Defendants admit a class action lawsuit was filed against Joe Arpaio captioned *Melendres v. Arpaio*, 2:07-cv-

02513-GMS-PHX (hereinafter "*Melendres*").[1] Defendants further admit that an allegation of Title VI was present in the lawsuit.

28. In response to Paragraph 28 of the Complaint, Defendants admit that a monitor has been appointed as a result of the findings made in *Melendres*.

29. In response to Paragraph 29 of the Complaint, Defendants admit the *Melendres* court made numerous findings throughout the decade of litigation and those findings speak for themselves. Any allegation contrary to those findings is denied.

30. In response to Paragraph 30 of the Complaint, Defendants admit that the Maricopa County Sheriff's Office conducted various searches and issued orders regarding the collection and possession of IDs and other items in 2014 and 2015.

31. In response to Paragraph 31 of the Complaint, Defendants admit that the Maricopa County Sheriff's Office issued orders in April 2015 regarding the proper protocol to be used should employees encounter IDs under their control in addition to the proper method regarding newly-seized IDs.

32. In response to Paragraph 32 of the Complaint, Defendants admit that Plaintiff had IDs in his possession in 2015. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, therefore deny.

33. In response to Paragraph 33 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, therefore deny.

---

[1] This case is now captioned *Melendres v. Penzone* per Federal Rules of Procedure.

34. In response to Paragraph 34 of the Complaint, Defendants admit that Plaintiff turned over 1459 IDs in his possession on or about July 7, 2015. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, therefore deny.

35. In response to Paragraph 35 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, therefore deny.

36. In response to Paragraph 36 of the Complaint, Defendants admit Plaintiff contacted Property and Evidence. Defendants deny the remaining allegations of Paragraph 36.

37. In response to Paragraph 37 of the Complaint, Defendants admit Plaintiff completed a departmental report that identifies the ID documents and that Plaintiff submitted the items to Property and Evidence on July 7, 2017. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, therefore deny.

38. In response to Paragraph 38 of the Complaint, Defendants admit the allegations.

39. In response to Paragraph 39 of the Complaint, Defendants admit Plaintiff authored a memorandum regarding his possession of the IDs. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, therefore deny.

40. In response to Paragraph 40 of the Complaint, Defendants admit the allegations.

41. In response to Paragraph 41 of the Complaint, Defendants admit the allegation to the extent it refers to Paragraph 40.

42. In response to Paragraph 42 of the Complaint, Defendants admit Plaintiff received a Notice of Investigation on July 8, 2015 stating that he was in possession of identification card in violation of Office Policy.

43. In response to Paragraph 43 of the Complaint, Defendants admit the allegation.

44. In response to Paragraph 44 of the Complaint, Defendants admit the allegations.

45. In response to Paragraph 45 of the Complaint, Defendants admit Plaintiff was interviewed by the *Melendres* court appointed monitors on July 30, 2015.

46. In response to Paragraph 46 of the Complaint, Defendants admit the allegation.

47. In response to Paragraph 47 of the Complaint, Defendants admit the allegation.

48. In response to Paragraph 48 of the Complaint, Defendants admit the *Melendres* court issued Findings of Fact on May 13, 2016. The court document speaks for itself and Defendants deny any allegation inconsistent with those findings. Defendants deny the remaining allegations of Paragraph 48.

49. In response to Paragraph 49 of the Complaint, Defendants admit that the *Melendres* court found "There is no policy preventing a promotion for someone under investigation within MCSO."

50. In response to Paragraph 50 of the Complaint, Defendants deny that Trombi was promoted to Executive Chief while under investigation and deny the remaining allegations of Paragraph 50.

51. In response to Paragraph 51 of the Complaint, Defendants admit the allegation.

52. In response to Paragraph 52 of the Complaint, Defendants admit the allegations.

53. In response to Paragraph 53 of the Complaint, Defendants admit the allegation.

54. In response to Paragraph 54 of the Complaint, Defendants deny the allegation.

55. In response to Paragraph 55 of the Complaint, Defendants admit the allegation.

56. In response to Paragraph 56 of the Complaint, Defendants admit the allegation.

57. In response to Paragraph 57 of the Complaint, Defendants admit the allegation.

58. In response to Paragraph 58 of the Complaint, Defendants deny the allegation.

59. In response to Paragraph 59 of the Complaint, Defendants deny the allegation.

60. In response to Paragraph 60 of the Complaint, Defendants admit the allegation.

61. In response to Paragraph 61 of the Complaint, Defendants admit that candidates that ranked 1-11 and 13-16 were promoted. Defendants deny the remaining allegations.

62. In response to Paragraph 62 of the Complaint, Defendants admit the promotional list expired in June 2015 pursuant to the Law Enforcement Officers Merit Rules. Defendants deny the remaining allegations of Paragraph 62.

63. In response to Paragraph 63 of the Complaint, Defendants admit the candidate first on the promotional list was promoted effective August 31, 2015.

64. In response to Paragraph 64 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, therefore deny.

65. In response to Paragraph 65 of the Complaint, Defendants respond that the *Melendres* Findings and documents speak for themselves and deny any inconsistent allegation.

66. In response to Paragraph 66 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, therefore deny.

67. In response to Paragraph 67 of the Complaint, Defendants admit applicants ranked 3-6, 8 were promoted effective May 23, 2016 and the applicant ranked 10 was promoted effective June 6, 2016.

68. In response to Paragraph 68 of the Complaint, Defendants admit applicants ranked 11-15 were promoted effective September 26, 2016 and the individual ranked 17 was promoted, but returned to the rank of Sergeant on January 30, 2017.

69. In response to Paragraph 69 of the Complaint, Defendants admit the allegation.

70. In response to Paragraph 70 of the Complaint, Defendants deny the allegation.

71. In response to Paragraph 71 of the Complaint, Defendants admit Plaintiff was under investigation since July 7, 2015 for his conduct and that open investigation, per policy, prohibited Plaintiff from receiving a raise until the completion of the investigation. Defendants also admit Plaintiff was not promoted to Lieutenant.

72. In response to Paragraph 72 of the Complaint, Defendants admit that A.R.S. §38-1110 and MCSO policy state that the Maricopa County Sheriff's Office shall make a good faith effort to complete any investigation of employee misconduct within one hundred eighty calendar days after the employer receives notice of the allegation. Defendants deny the remaining allegations of Paragraph 72.

73. In response to Paragraph 73 of the Complaint, Defendants admit that on August 3, 2016, Plaintiff submitted a grievance questioning the Maricopa County

Sheriff's Office's policy holding pay for performance during the pendency of an investigation. Defendants deny the remaining allegations of Paragraph 73.

74. In response to Paragraph 74 of the Complaint, Defendants admit the allegation.

75. In response to Paragraph 75 of the Complaint, Defendants admit that Plaintiff received a written reprimand for his conduct related to the IDs in November, 2016.

76. In response to Paragraph 76 of the Complaint, Defendants admit the allegation.

77. In response to Paragraph 77 of the Complaint, Defendants admit that Plaintiff followed policy and grieved the written reprimand.

78. In response to Paragraph 78 of the Complaint, Defendants admit that the grievance procedure was followed and Chief Deputy Henry ultimately denied the grievance.

79. In response to Paragraph 79 of the Complaint, Defendants deny the allegations.

80. In response to Paragraph 80 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, therefore deny.

81. In response to Paragraph 81 of the Complaint, Defendants admit Sheriff Penzone was sworn in on January 1, 2017, as the new Sheriff of Maricopa County.

82. In response to Paragraph 82 of the Complaint, Defendants admit that on October 4, 2016 an investigation was started into Plaintiff's conduct regarding a potential Code of Conduct violation. Plaintiff was interviewed on October 13, 2016, and knew at that time he was under investigation for alleged improper conduct. Defendants deny the remaining allegations of Paragraph 82.

83. In response to Paragraph 83 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, therefore deny.

84. In response to Paragraph 84 of the Complaint, Defendants deny the allegations.

85. In response to Paragraph 85 of the Complaint, Defendants admit Plaintiff was interviewed on October 13, 2016, and on November 7, 2016. On January 31, 2017, Plaintiff met with Ken Holmes to discuss the Maricopa County Sheriff's Office's intent to suspend Plaintiff for improper conduct. Defendants deny the remaining allegations of Paragraph 85.

86. In response to Paragraph 86 of the Complaint, Defendants admit that after the January 31, 2017 meeting, on February 9, 2017, Ken Holmes determined that Plaintiff did not violate policy and no discipline would be issued.

87. In response to Paragraph 87 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, therefore deny.

88. Defendants incorporate Paragraphs 1-87 above as if fully set forth herein.

89. In response to Paragraph 89 of the Complaint, Defendants admit that they receive federal funds. Defendants deny the remaining allegations of Paragraph 89.

90. In response to Paragraph 90 of the Complaint, Defendants admit Plaintiff was deposed by the plaintiff attorneys in *Melendres* and the *Melendres* court appointed monitors interviewed him. Defendants deny the remaining allegations of Paragraph 90.

91. In response to Paragraph 91 of the Complaint, Defendants deny the allegations.

92. In response to Paragraph 92 of the Complaint, Defendants deny the allegations

93. In response to Paragraph 93 of the Complaint, Defendants deny the allegations.

94. In response to Paragraph 94 of the Complaint, Defendants deny the allegations.

95. In response to Paragraph 95 of the Complaint, Defendants deny the allegations.

96. In response to Paragraph 96 of the Complaint, Defendants deny the allegations.

97. Defendants incorporate Paragraphs 1-96 above as if fully set forth herein.

98. In response to Paragraph 98 of the Complaint, Defendants admit funds are received from the Department of Justice. Defendants deny the remaining allegations of Paragraph 98.

99. In response to Paragraph 99 of the Complaint, Defendants admit Plaintiff was deposed by the plaintiff attorneys in *Melendres* and the *Melendres* court appointed monitors interviewed him. Defendants deny the remaining allegations of Paragraph 99.

100. In response to Paragraph 100 of the Complaint, Defendants deny the allegations.

101. In response to Paragraph 101 of the Complaint, Defendants deny the allegations.

102. In response to Paragraph 102 of the Complaint, Defendants deny the allegations.

103. In response to Paragraph 103 of the Complaint, Defendants deny the allegations.

104. In response to Paragraph 104 of the Complaint, Defendants deny the allegations.

105. In response to Paragraph 105 of the Complaint, Defendants deny the allegations.

106. Defendants incorporate Paragraphs 1-105 above as if fully set forth herein.

107. In response to Paragraph 107 of the Complaint, Defendants deny the allegations.

108. In response to Paragraph 108 of the Complaint, Defendants deny the allegations.

109. In response to Paragraph 109 of the Complaint, Defendants deny the allegations.

110. In response to Paragraph 110 of the Complaint, Defendants deny the allegations.

111. In response to Paragraph 111 of the Complaint, Defendants deny the allegations.

112. In response to Paragraph 112 of the Complaint, Defendants deny the allegations.

113. In response to Paragraph 113 of the Complaint, Defendants deny the allegations.

114. In response to Paragraph 114 of the Complaint, Defendants deny the allegations.

115. In response to Paragraph 115 of the Complaint, Defendants deny the allegations.

116. Defendants incorporate Paragraphs 1-115 above as if fully set forth herein.

117. In response to Paragraph 117 of the Complaint, Defendants admit the allegations.

118. In response to Paragraph 118 of the Complaint, Defendants deny the allegations.

119. In response to Paragraph 119 of the Complaint, Defendants deny the allegations.

120. In response to Paragraph 120 of the Complaint, Defendants deny the allegations.

121. In response to Paragraph 121 of the Complaint, Defendants deny the allegations.

122. Defendants incorporate Paragraphs 1-121 above as if fully set forth herein.

123. In response to Paragraph 123 of the Complaint, Defendants admit the allegations.

124. In response to Paragraph 124 of the Complaint, Defendants deny the allegations.

125. In response to Paragraph 125 of the Complaint, Defendants deny the allegations.

126. In response to Paragraph 126 of the Complaint, Defendants deny the allegations.

127. In response to Paragraph 127 of the Complaint, Defendants deny the allegations.

128. In response to Paragraph 128 of the Complaint, Defendants deny the allegations.

129. Defendants deny any allegations in the Complaint not specifically admitted herein.

**PRAYER FOR RELIEF**

Defendants deny that Plaintiff is entitled to any relief sought in the Complaint.

**AFFIRMATIVE AND OTHER DEFENSES**

For its affirmative defenses and other defenses, Defendants allege as follows:

1. The Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

3. Plaintiff's claims are barred to the extent Plaintiff failed to exhaust the administrative remedies, statutory, and/or contractual remedies for some or all of the allegations stated in the Complaint.

4. Plaintiff's claims are barred or limited in whole or in part by Plaintiff's failure to mitigate his damages.

5. Any adverse employment actions taken against Plaintiff were taken for lawful, legitimate, and non-discriminatory reasons.

6. Defendants allege that any relief to which Plaintiff may be entitled is barred by and/or limited by the after-acquired evidence doctrine.

7. Any and all actions taken by Defendants in connection with Plaintiff were just, fair, privileged, with good cause, in good faith, without malice or recklessness, and done for legitimate non-discriminatory reasons.

8. Plaintiff is not entitled to punitive damages because Defendants are governmental entities. Defendants also did not engage in any practices with the requisite intent or malice or with reckless indifference to Plaintiffs' rights.

9. Plaintiff's damages are limited to any applicable statutory cap including, but not limited to, the statutory cap set forth in 42 U.S.C. §1981a.

10. Plaintiff's claims are barred, in whole or in party, by the equitable doctrines of waiver, laches, estoppel and/or unclean hands.

11. Assuming arguendo that Plaintiff's protected status was a motivating factor for any employment practice, Defendant would have taken the same actions regardless of Plaintiff's protected status (mixed motive).

12. Defendant is entitled to a set-off of any money paid to Plaintiff, or which will be paid to Plaintiff, as a result of any workers' compensation claim, continued salary payments, disability benefits, Social Security payments, unemployment compensation and/or any other compensation.

13. Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of waiver, laches, estoppel and/or unclean hands

14. Defendant reserves the right to assert any and all other affirmative defenses that may become known during the pendency of this case.

WHEREFORE, Defendant respectfully requests that the Complaint be dismissed in its entirety, that Defendant be awarded its costs and expenses in this matter to the extent permitted by law and that this Court grant Defendant such other and further relief as allowed.

**RESPECTFULLY SUBMITTED** this 14th day of August 2017.

WILLIAM G. MONTGOMERY
MARICOPA COUNTY ATTORNEY

BY: s/Emily M. Craiger
 BRANDON A. NEWTON
 EMILY M. CRAIGER
 *Attorneys for Defendants*
 *Maricopa County and Paul Penzone*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 14<u>TH</u> day of August 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a notice of Electronic Filing to the following CM/ECF registrants:

Honorable David G. Campbell
United States District Court
Sandra Day O'Connor U.S. Courthouse, Ste 623
401 W. Washington Street, SPC 58
Phoenix, Arizona 85003-2156

Joshua W. Carden
JOSHUA CARDEN LAW FIRM, P.C.
16427 N. Scottsdale Road, Suite 410
Scottsdale, Arizona 85254
Joshua@cardenlawfirm.com
*Attorney for Plaintiff*

And courtesy copies emailed to:

Ashlee B. Fletcher
Daniel P. Struck
STRUCK WIENEKE & LOVE
afletcher@swlfirm.com
*Attorneys for Defendants Campbell, Henry, Chagolla and Molina*

Sarah L. Barnes
BROENING, OBERG, WOODS & WILSON, PC
Slb@bowwlaw.com
*Attorney for Defendants Arpaio, Sheridan, Trombi and Bailey*

s/Jennifer Christiansen
S:\CIVIL\HR\HR Matters\RM\2017\Knapp, Jonathan v MC RM17-0102\Pleadings\Answer 081417.docx