**WO**

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Jonathan L. Knapp,<br><br>    Plaintiffs,<br><br>v.<br><br>Maricopa County, Arizona, Paul Penzone in his official capacity as Maricopa County Sheriff, Joe Arpaio, Jerry Sheridan, Ben Henry, David Trombi, Paul Chagolla, Ken Holmes, Timothy Campbell, Steve Bailey, and Stephanie Molina,<br><br>    Defendants. | NO. CV17-1509-PHX DGC<br><br>**ORDER** |

Plaintiff has filed a motion for preliminary injunction. Doc. 25. He asks the Court to order Defendants to promote him to the position of lieutenant in the Maricopa County Sheriff's Office ("MCSO") before he retires later this month. The motion is fully briefed, and the Court discussed it with the parties at the case management conference held recently. For the reasons that follow, the Court will deny the motion.

**A.  Background.**

Plaintiff claims that he was retaliated against for giving testimony in *Ortega Melendres v. Arpaio*, a civil rights case handled by another judge of this Court. Plaintiff alleges that Defendants commenced an investigation of him, unduly prolonged the investigation, and denied him promotion to lieutenant on more than one occasion, all in retaliation for his testimony. Plaintiff plans to leave MCSO later this month and move to Oregon. He states that he has not lost income as a result of being denied the promotion, but that he has lost the ability to retire as a lieutenant, a fact that will impair his plans

eventually to run for public office in Oregon. He asks the Court to enter a preliminary injunction requiring Defendants Penzone and MCSO to promote him to lieutenant so that he can leave the MCSO with that rank.

### B. Legal Requirements for a Preliminary Injunction.

"A preliminary injunction is an extraordinary remedy never awarded as a matter of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). To obtain a preliminary injunction, a plaintiff must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20; *see also Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

Plaintiff acknowledges that he seeks a mandatory rather than a prohibitory injunction. Doc. 26 at 2-3. Prohibitory injunctions "preserve the status quo between the parties pending a resolution of a case on the merits." *McCormack v. Hiedeman*, 694 F.3d 1004, 1019 (9th Cir. 2012) (citation omitted). Mandatory injunctions go well beyond maintaining the status quo and order responsible parties "to take action." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009) (quotation marks and citations omitted). Because they impose affirmative obligations on parties at the very beginning of a case and before full discovery or a trial on the merits, mandatory injunctions require a higher level of proof than prohibitory injunctions. They are "particularly disfavored," not granted unless "extreme or very serious damage will result," and "not issued in doubtful cases." *Park Village Apt. Tenants Ass'n v. Mortimer Howard Trust*, 636 F.3d 1150, 1160 (9th Cir. 2011) (quoting *Marlyn Nutraceuticals*, 571 F.3d at 879); *see also Dahl v. HEM Pharm. Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993) ("'mandatory preliminary relief' is subject to heightened scrutiny and should not be issued unless the facts and law clearly favor the moving party").

**C. Discussion.**

The Court concludes that Plaintiff cannot satisfy the irreparable injury requirement for injunctive relief. Plaintiff describes his harm in these words: "leaving the MCSO as a Sergeant because of unlawful retaliation is causing Knapp irreparable harm as his resume cannot read 'retired as Lieutenant' as it should. As Sergeant Knapp intends to *eventually* enter politics, those titles matter." Doc. 26 at 9 (emphasis added); *see also* Doc. 25 at 2 ("Sgt. Knapp is about to retire in the next 60 days, move to Oregon and establish residency there in order to *eventually* run for a Sheriff's office in that state. Had he not been the victim of unlawful retaliation for his sworn testimony as a witness in a federal case, he would be retiring as a Lieutenant (a command position) with the concomitant pay and prestige of that position.") (emphasis added). In other words, the harm at issue in this motion is Plaintiff's present inability to say on his resume that he retired as a lieutenant, a fact that could hinder his plans to run for public office "eventually." *Id.*

Such harm does not justify a preliminary injunction. Even if Plaintiff's inability to list himself as a former lieutenant could be viewed as irreparable harm, Plaintiff will suffer that harm only in the indefinite future when he "eventually" decides to run for office. *Id.* "To support injunctive relief, harm must not only be irreparable, it must be imminent; establishing a threat of irreparable harm in the indefinite future is not enough." *Amylin Pharm., Inc. v. Eli Lilly & Co.*, 456 F. App'x 676, 679 (9th Cir. 2011). Rather, "'a plaintiff must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief.'" *Id.* (quoting *Caribbean Marine Servs. Co., Inc. v. Baldrige*, 844 F.2d 668, 674 (9th Cir.1988)).

Even more, this harm does not justify a mandatory injunction. Plaintiff's inability to put the position of lieutenant on his resume for some future purpose simply does not constitute the kind of "extreme or very serious damage" needed to satisfy the heightened scrutiny of a mandatory preliminary injunction. *Park Village Apt.*, 636 F.3d at 1160. Plaintiff cites *Arizona Dream Act Coalition v. Brewer*, 757 F.3d 1053, 1068 (9th Cir. 2014), in support of his argument that interference with his professional opportunities

constitutes irreparable harm. But the plaintiffs in that case were facing immediate harm – they were denied driver's licenses by the State of Arizona – and they sought a prohibitory, not a mandatory, preliminary injunction. *See id.* at 1061 ("Plaintiffs' requested preliminary injunction is not mandatory.").

In addition, as Defendants note, Plaintiff alleges that he was denied promotions in 2015 and 2016, and yet he waited until May of 2017 to commence this action, and then waited another three months before seeking a preliminary injunction. Such delay detracts from any claim Plaintiff may have that he will suffer irreparable and imminent injury without a preliminary injunction.

Plaintiff claims that Defendants' actions have infringed his constitutional rights, an infringement that itself is irreparable. But Plaintiff does not claim that the alleged infringement is ongoing and must be stopped by injunction. He asks only that the Court order Defendants to give him the title of lieutenant for use when he eventually runs for public office. The harm to be remedied by the request injunction – an inability to say he retired as a lieutenant when he eventually runs for public office – is not sufficiently "imminent," "extreme," or "very serious" to warrant a mandatory preliminary injunction. *Amylin Pharm.*, 456 F. App'x at 679; *Park Village Apt.*, 636 F.3d at 1160.

**IT IS ORDERED** that the Plaintiff's motion for a preliminary injunction (Doc. 25) is **denied**.

Dated this 13th day of October, 2017.

_____
David G. Campbell
United States District Judge

4