LAW OFFICES
BROENING OBERG WOODS & WILSON
PROFESSIONAL CORPORATION
POST OFFICE BOX 20527
PHOENIX, ARIZONA 85036
TELEPHONE: (602) 271-7700
FACSIMILE: (602) 258-7785
Sarah L. Barnes /Bar No. 020362
E-mail: slb@bowwlaw.com
kel
Attorneys for Defendants Joseph Arpaio,
Jerry Sheridan, David Trombi and Steve
Bailey

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Jonathan L. Knapp,<br><br>Plaintiff,<br><br>v.<br><br>Maricopa County, Arizona, Paul Penzone in his official capacity as Maricopa County Sheriff, Joe Arpaio, Jerry Sheridan, Ben Henry, David Trombi, Paul Chagolla, Ken Holmes, Timothy Campbell, Steve Bailey, and Stephanie Molina,<br><br>Defendant. | 2:17 cv-01509-DGC<br><br>**ANSWER OF DEFENDANTS JOSEPH ARPAIO, JERRY SHERIDAN, DAVID TROMBI AND STEVE BAILEY** |

Defendants Joseph Arpaio, Jerry Sheridan, David Trombi and Steve Bailey (collectively "Defendants") for their Answer to Plaintiff's Complaint, admit, deny and allege:

**<u>INTRODUCTION</u>**

1. In response to Paragraph 1 of the Complaint, Defendants deny the allegations contained therein, and also deny that Plaintiff is entitled to any relief whatsoever, including, but not, limited to, punitive damages.

## JURISDICTION AND VENUE

2. In response to Paragraph 2 of the Complaint, Defendants admit jurisdiction is proper, but deny that Plaintiff is entitled to any relief, including attorneys' fees.

3. In response to Paragraph 3 of the Complaint, Defendants admit venue is proper.

## THE PARTIES

4. In response to Paragraph 4 of the Complaint, Defendants admit that Plaintiff is a Sergeant with the Maricopa County Sheriff's Office ("MCSO"). Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and they therefore deny the same.

5. In response to Paragraph 5 of the Complaint, Defendants admit only that Maricopa County is a political subdivision of the State of Arizona. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and they therefore deny the same.

6. In response to Paragraph 6 of the Complaint, Defendants admit only that Paul Penzone is the Sheriff of Maricopa County. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and they therefore deny the same.

7. In response to Paragraph 7 of the Complaint, Defendants admit only that Joe Arpaio is a former Sheriff of Maricopa County. Defendants deny the remaining allegations in paragraph 7.

8. In response to Paragraph 8 of the Complaint, Defendants admit that Jerry Sheridan is a former Chief Deputy of the Maricopa County Sheriff's Office. Defendants deny the remaining allegations of Paragraph 8.

9. In response to Paragraph 9 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and

they therefore deny the same.

10. In response to Paragraph 10 of the Complaint, Defendants admit that David Trombi was a former Deputy Chief of the Maricopa County Sheriff's Office. Defendants deny the remaining allegations of Paragraph 10.

11. In response to Paragraph 11 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and they therefore deny the same.

12. In response to Paragraph 12 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and they therefore deny the same.

13. In response to Paragraph 13 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and they therefore deny the same.

14. In response to Paragraph 14 of the Complaint, Defendants admit that Steve Bailey was a former Captain of the Maricopa County Sheriff's Office. Defendants deny the remaining allegations of Paragraph 14.

15. In response to Paragraph 15 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and they therefore deny the same.

**FACTUAL ALLEGATIONS**

16. In response to Paragraph 16 of the Complaint, Defendants admit the allegation.

17. In response to Paragraph 17 of the Complaint, Defendants admit the allegation.

18. In response to Paragraph 18 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and

they therefore deny the same.

19. In response to Paragraph 19 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and they therefore deny the same.

20. In response to Paragraph 20 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and they therefore deny the same.

21. In response to Paragraph 21 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and they therefore deny the same.

22. In response to Paragraph 22 of the Complaint, Defendants admit that some of the IDs in Plaintiff's possession were scheduled for destruction. Defendants deny the remaining allegations of Paragraph 22.

23. In response to Paragraph 23 of the Complaint, Defendants admit that Plaintiff never taught a class regarding ID authentication. Defendants deny the remaining allegations of Paragraph 23.

24. In response to Paragraph 24 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and they therefore deny the same.

25. In response to Paragraph 25 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and they therefore deny the same.

26. In response to Paragraph 26 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and they therefore deny the same. Defendants affirmatively allege that Plaintiff turned over to the Maricopa County Sheriff's Office IDs in his possession on or about July 7, 2015.

27. In response to Paragraph 27 of the Complaint, Defendants admit a class action lawsuit was filed, which is now captioned *Melendres v. Penzone*, 2:07-cv-02513-GMS-PHX (hereinafter "*Melendres*"), and that an allegation of Title VI was present in the lawsuit.

28. In response to Paragraph 28 of the Complaint, Defendants admit that a monitor has been appointed as a result of the findings made in *Melendres*.

29. In response to Paragraph 29 of the Complaint, Defendants admit only that the findings in the *Melendres* case speak for themselves and any allegation implied or expressed otherwise in paragraph 29 is denied.

30. In response to Paragraph 30 of the Complaint, Defendants admit that MCSO conducted various searches and issued orders regarding the collection and possession of IDs and other items in 2014 and 2015.

31. In response to Paragraph 31 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and they therefore deny the same.

32. In response to Paragraph 32 of the Complaint, Defendants admit that Plaintiff had IDs in his possession in 2015. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and they therefore deny the same.

33. In response to Paragraph 33 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and they therefore deny.

34. In response to Paragraph 34 of the Complaint, Defendants admit only that Plaintiff turned over 1459 IDs in his possession on or about July 7, 2015. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and they therefore deny the same.

35. In response to Paragraph 35 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and they therefore deny the same.

36. In response to Paragraph 36 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and they therefore deny the same.

37. In response to Paragraph 37 of the Complaint, Defendants admit Plaintiff completed a departmental report that identifies the ID documents and that Plaintiff submitted the items to Property and Evidence on July 7, 2017. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and they therefore deny the same.

38. In response to Paragraph 38 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and they therefore deny the same.

39. In response to Paragraph 39 of the Complaint, Defendants admit Plaintiff authored a memorandum regarding his possession of the IDs. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and they therefore deny the same.

40. In response to Paragraph 40 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and they therefore deny the same.

41. In response to Paragraph 41 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and they therefore deny the same.

42. In response to Paragraph 42 of the Complaint, Defendants admit Plaintiff received a Notice of Investigation on July 8, 2015, stating that he was in possession of

1 identification cards in violation of Office Policy.

2     43. In response to Paragraph 43 of the Complaint, Defendants admit the allegation.

4     44. In response to Paragraph 44 of the Complaint, Defendants admit the allegations.

6     45. In response to Paragraph 45 of the Complaint, Defendants admit Plaintiff was interviewed by the *Melendres* court appointed monitors on July 30, 2015.

8     46. In response to Paragraph 46 of the Complaint, Defendants admit the allegations.

10     47. In response to Paragraph 47 of the Complaint, Defendants admit the allegations.

12     48. In response to Paragraph 48 of the Complaint, Defendants admit only that the *Melendres* court issued Findings of Fact on May 13, 2016, and that the court document speaks for itself. Defendants deny any allegation implied or expressed otherwise in paragraph 48.

16     49. In response to Paragraph 49 of the Complaint, Defendants admit only that the *Melendres* court document speaks for itself. Defendants deny any allegation implied or expressed otherwise in paragraph 49.

19     50. In response to Paragraph 50 of the Complaint, Defendants admit only that the *Melendres* court document speaks for itself. Defendants deny any allegation implied or expressed otherwise in paragraph 50 and specifically deny that Defendant Trombi was promoted to Executive Chief while under investigation.

23     51. In response to Paragraph 51 of the Complaint, Defendants admit the allegations.

25     52. In response to Paragraph 52 of the Complaint, Defendants admit the allegations.

53. In response to Paragraph 53 of the Complaint, Defendants admit the allegations.

54. In response to Paragraph 54 of the Complaint, Defendants deny the allegation.

55. In response to Paragraph 55 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and they therefore deny the same.

56. In response to Paragraph 56 of the Complaint, Defendants admit the allegations.

57. In response to Paragraph 57 of the Complaint, Defendants admit the allegation.

58. In response to Paragraph 58 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and they therefore deny the same.

59. In response to Paragraph 59 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and they therefore deny the same.

60. In response to Paragraph 60 of the Complaint, Defendants admit the allegations.

61. In response to Paragraph 61 of the Complaint, Defendants admit that candidates that ranked 1-11 and 13-16 were promoted. Defendants deny the remaining allegations of paragraph 61.

62. In response to Paragraph 62 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and they therefore deny the same.

63. In response to Paragraph 63 of the Complaint, Defendants are without

knowledge or information sufficient to form a belief as to the truth of the allegations, and they therefore deny the same.

64. In response to Paragraph 64 of the Complaint, Defendants admit that on or about May 9, 2016, Defendant Trombi notified Plaintiff that he was not being promoted at that time. Defendants deny any remaining express or implied allegations in paragraph 64.

65. In response to Paragraph 65 of the Complaint, Defendants respond that the *Melendres* Findings and documents speak for themselves and deny any implied or express allegation otherwise.

66. In response to Paragraph 66 of the Complaint, Defendants admit only that Defendant Trombi was one of several MCSO officials who conferred regarding the possible promotion of Plaintiff, but he only did so to confirm that Plaintiff was the principle in an ongoing investigation. Defendants deny any remaining express or implied allegations in paragraph 66.

67. In response to Paragraph 67 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and they therefore deny the same.

68. In response to Paragraph 68 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and they therefore deny the same.

69. In response to Paragraph 69 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and they therefore deny the same.

70. In response to Paragraph 70 of the Complaint, Defendants deny the allegation.

71. In response to Paragraph 71 of the Complaint, Defendants admit Plaintiff was under investigation beginning on or about July 7, 2015, for his conduct, and that the

1 open investigation, per policy, prohibited Plaintiff from receiving a raise until the completion of the investigation. Defendants also admit Plaintiff was not promoted to Lieutenant. Defendants deny any remaining implied or express allegations in paragraph 71.

72. In response to Paragraph 72 of the Complaint, Defendants admit only that A.R.S. §38-1110 and MCSO policy state that the Maricopa County Sheriff's Office shall make a good faith effort to complete any investigation of employee misconduct within one hundred eighty calendar days after the employer receives notice of the allegation. Defendants deny the remaining allegations of Paragraph 72 and further affirmatively allege that the statute and policy speak for themselves.

73. In response to Paragraph 73 of the Complaint, Defendants admit that on August 3, 2016, Plaintiff submitted a grievance questioning the Maricopa County Sheriff's Office's policy of holding pay for performance during the pendency of an investigation. Defendants deny the remaining allegations of Paragraph 73.

74. In response to Paragraph 74 of the Complaint, Defendants admit the allegations.

75. In response to Paragraph 75 of the Complaint, Defendants admit only that Plaintiff received a written reprimand for his conduct related to the IDs in November, 2016. Defendants deny any remaining implied or express allegations in paragraph 75.

76. In response to Paragraph 76 of the Complaint, Defendants admit the allegations.

77. In response to Paragraph 77 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and they therefore deny the same.

78. In response to Paragraph 78 of the Complaint, Defendants admit that the grievance procedure was followed and Chief Deputy Henry ultimately denied the grievance.

79. In response to Paragraph 79 of the Complaint, Defendants deny the allegations.

80. In response to Paragraph 80 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and they therefore deny the same.

81. In response to Paragraph 81 of the Complaint, Defendants admit Sheriff Penzone was sworn in on January 1, 2017, as the new Sheriff of Maricopa County.

82. In response to Paragraph 82 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and they therefore deny the same.

83. In response to Paragraph 83 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and they therefore deny the same.

84. In response to Paragraph 84 of the Complaint, Defendants deny the allegations.

85. In response to Paragraph 85 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and they therefore deny the same.

86. In response to Paragraph 86 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and they therefore deny the same.

87. In response to Paragraph 87 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and they therefore deny the same.

88. In response to paragraph 88 of the Complaint, Defendants incorporate all of their denials, admissions, and other responses to paragraphs 1-87 above.

89. In response to paragraphs 89-105 of the Complaint, Defendants assert that these paragraphs are not directed at these Defendants and therefore do not require a response. To the extent that these paragraphs imply any allegations against these Defendants, they deny the same.

90. In response to paragraph 106 of the Complaint, Defendants incorporate all of their denials, admissions, and other responses to paragraphs 1-105 above.

91. In response to Paragraphs 107-115 of the Complaint, Defendants deny the allegations.

92. In response to paragraph 116 of the Complaint, Defendants incorporate all of their denials, admissions, and other responses to paragraphs 1-115 above.

93. In response to Paragraph 117 of the Complaint, Defendants admit only that 42 U.S.C. § 1985 speaks for itself. Defendants deny any implied allegations in paragraph 117.

94. In response to Paragraphs 118-121 of the Complaint, Defendants deny the allegations.

95. In response to paragraph 122 of the Complaint, Defendants incorporate all of their denials, admissions, and other responses to paragraphs 1-121 above.

96. In response to Paragraph 123 of the Complaint, Defendants admit only that 42 U.S.C. § 1986 speaks for itself. Defendants deny any implied allegations in paragraph 123.

97. In response to Paragraphs 124-128 of the Complaint, Defendants deny the allegations.

98. Defendants deny any other allegations in the Complaint not specifically admitted herein.

**PRAYER FOR RELIEF**

Defendants deny that Plaintiff is entitled to any relief sought in the Complaint.

# AFFIRMATIVE AND OTHER DEFENSES

For its affirmative defenses and other defenses, Defendants allege as follows:

1) The Complaint fails to state a claim upon which relief may be granted.

2) Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

3) Plaintiff's claims are barred to the extent Plaintiff failed to exhaust the administrative remedies, statutory, and/or contractual remedies for some or all of the allegations stated in the Complaint.

4) Plaintiff's claims are barred or limited in whole or in part by Plaintiff's failure to mitigate his damages.

5) Any adverse employment actions taken against Plaintiff were taken for lawful, legitimate, and non-discriminatory reasons.

6) Defendants allege that any relief to which Plaintiff may be entitled is barred by and/or limited by the after-acquired evidence doctrine.

7) Any and all actions taken by Defendants in connection with Plaintiff were just, fair, privileged, with good cause, in good faith, without malice or recklessness, and done for legitimate non-discriminatory reasons.

8) Plaintiff is not entitled to punitive damages because Defendants were acting in their official capacity and also did not engage in any practices with the requisite intent or malice or with reckless indifference to Plaintiff's rights.

9) Plaintiff's damages are limited to any applicable statutory cap including, but not limited to, the statutory cap set forth in 42 U.S.C. §1981a.

10) Plaintiff's claims are barred, in whole or in party, by the equitable doctrines of waiver, laches, estoppel and/or unclean hands.

11) Assuming arguendo that Plaintiff had a protected status and such protected status was a motivating factor for any employment practice, Defendants would have taken

the same actions regardless of Plaintiff's protected status (mixed motive).

12) Defendants are entitled to a set-off of any money paid to Plaintiff, or which will be paid to Plaintiff, as a result of any workers' compensation claim, continued salary payments, overtime pay, disability benefits, Social Security payments, unemployment compensation and/or any other compensation.

13) Plaintiff's claims are barred as Plaintiff fails to allege the required personal participation for these answering Defendants.

14) Plaintiff's Fourteenth Amendment Due Process Claim fails as Plaintiff did not have a federal property right to a promotion and did not have more than a unilateral expectation of promotion.

15) Plaintiff did not have a Fourteenth Amendment right to be promoted to Lieutenant.

16) Plaintiff cannot establish a property and/or liberty interest.

17) Plaintiff was provided with all process required by law.

18) Plaintiff's conspiracy claim fails as a matter of law because there was no joint action pursuant to the intra-corporate exception doctrine.

19) Plaintiff's § 1986 claim fails as Plaintiff cannot maintain a viable action for conspiracy under §1985.

20) Defendants reserve the right to assert any and all other affirmative defenses that may become known during the pendency of this case.

WHEREFORE, Defendants respectfully request that the Complaint be dismissed in its entirety, that Defendants be awarded their costs and expenses in this matter to the extent permitted by law and that this Court grant Defendants such other and further relief as allowed.

RESPECTFULLY SUBMITTED this 17th day of October, 2017.

**BROENING OBERG WOODS & WILSON, P.C.**

By /s/ Sarah L. Barnes
    Sarah L. Barnes
    P. O. Box 20527
    Phoenix, Arizona 85036
    *Attorneys for Defendants Joe Arpaio, Jerry Sheridan, David Trombi and Steve Bailey*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 17th, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Joshua W. Carden
Joshua Carden Law Firm, P.C.
16427 N. Scottsdale Road
Suite 410
Scottsdale, AZ 85254
*Counsel for plaintiff*

Brandon A. Newton
Emily Mae Craiger
MARICOPA COUNTY ATTORNEYS OFFICE
CIVIL DIVISION
222 N. Central Avenue
Suite 1100
Phoenix, AZ 85004
*Counsel for Defendants Maricopa County
and Paul Penzone in his official capacity
as Maricopa County Sheriff*

Ashlee B. Fletcher
Daniel Patrick Struck
STRUCK LOVE BOJANOWSKI & ACEDO PLC
3100 W. Ray Road
Suite 300
Chandler, AZ 85226
*Counsel for Defendants Ben Henry,
Paul Chagolla, Ken Holmes,
Timothy Campbell and Stephanie Molina*

/s/ Kathy Lake